UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
P.O. BOX 61010
HOUSTON, TX 77208

United States Courts
Southern District of Texas
FILED

DEC 22 2017

David J. Bradley, Clerk of Court

| | |
|---|---|
| **MAHMOUD NAIL SHAWAKHI,**<br>A#:.095-189-135<br><br>Petitioner,<br><br>v.<br><br>**Mr. Jeff Sessions.,**<br>ATTORNEY GENERAL;<br><br>SECRETARY OF THE DEPARTMENT<br>OF HOMELAND SECURITY;<br><br>U.S. ICE FIELD OFFICE DIRECTOR FOR<br>THE HOUSTON FIELD OFFICE;<br><br>**The Warden**<br>CORE CIVIC HOUSTON PROCESSING CENTER<br><br>Respondents. | Civil Action No.: 17-3859 |

**PETITION FOR A WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241**

I, **Mahmoud Shawakhi,** hereby petitions this Court for a writ of Habeas Corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, I allege as follows:

## CUSTODY

1. I am in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at HCP 15850 Export Plaza Drive, Houston, Texas 77032. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. No.208, 110Stat. 1570, and the administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States constitution ("Suspension Clause"); and 28 U.S.C 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the constitution, laws, or treaties of the United States. This court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All writs Act, 28 U.S.C. § 1651.

4. I have exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v.30th judicial Circuit Court of Kentucky, 410 U.S.484, 493 – 500 (1973), venue lies in the Untied States District Court for the Middle District of Georgia, the judicial district in which Petitioner resides.

## PARTIES

6. I am a native and citizen of Palestine/Israel. Petitioner was first taken into ICE custody on **September 20th 2016**, and has remained in ICE custody continuously since that date. I was previously ordered removed on **02-09-2005**. I filed a timely appeal with the BIA which was dismisses on **07-24-2006**. I also filed a Petition for review with the 9th Circuit Courts of Appeals on **08-22-2006**, which was dismissed on **10-10-2007**. Making tmy order of removal final as of **07-24-2006.**

7. Respondent, **Mr. Jeff Sessions** is the attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & naturalization Act (INA). As such, **Mr. Jeff Sessions** has ultimate custodial authority over petitioner.

8. Respondent, the Secretary of the Department Of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of INA. As such, is the legal custodian of Petitioner.

9. Respondent, Field Office Director of the Houston, Texas Field Office of ICE is Petitioner's immediate custodian. See Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir.2000), cert. denied, 122 S. Ct. 43(2001)

10. Respondent, Warden of Houston Processing Center, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. I, **Mahmoud Shawakhi,** am native and citizen of Palestine/Israel. I have been in ICE custody since September 20th 2016. An Immigration Judge officer ordered my removal on 02-09-2005, that order became final on 07-24-2006.

12. I originally entered the U.S United as a B1/B2 visitor on **02-10-2001** from Palestine and have been living here since then.

13. To date, however, ICE has been unable to remove me to Palestine or Israel or any other country.

14. I have cooperated fully with all efforts by ICE to remove me from the United States. Providing ICE with any and all required proof of I.Ds and any other documentation required of me by ICE to facilitate my removal from the United Sates.

15. My first and only Custody reviewed was on **April 5th 2017**. On the same **April 5th 2017**, I was also served with a written decision ordering my continued detention.

16. Since arriving the United States on 02-10-2001, I have never been convicted of any criminal offense. I am married with a United States citizen and have a daughter who is also a United State citizen and have an approved Relative petition (I-130). I am the owner of a small business and have no serious immigration violation.

## LEGAL FRAME WORK FOR RELIEF SOUGHT

17. In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the U.S. Supreme Court Held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. <u>Id</u>. at 702. In <u>Clark v. Martinez</u>, 543 U.S. 371(2005) The Supreme Court held that its ruling in <u>Zadvydas</u> applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQPDU has a six-month period for determining whether a significant likelihood of an alien's removal is in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

**18. In this case, even though ICE is in possession of my expired Palestinian passport, there is no foreseeable future since Israel has notified ICE that I am not recognized as a citizen of Israel, so they will not be issuing me any travel documents or crossing letter. Palestine, my country of origin is not recognized as Country by the international community and the United States, so they cannot issue me any travel documents.**

19. My order of removal became final on **July 24th 2006.** I was came in to ICE custody on **September 20th, 2016,** therefore, my six-month presumptive reasonable removal period ended on or around **March 9th, 2017.**

## CLAIMS FOR RELIEF

### COUNT ONE

## STATUTORY VIOLATION

20. I re-allege and incorporate by reference paragraphs 1 through 20 above.

21. My continued detention by Respondents is Unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month presumptive reasonable period for removal efforts has expired. I still have not been removed, and I continue to languish in detention. My removal to **Palestine/Israel** or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas and Martinez that ICE's continued detention of someone like myself under such circumstances is unlawful.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

22. I re-allege and incorporate by reference paragraphs 1 through 22 above.

23. My continued detention violates my right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

24. The Due Process clause of the Fifth Amendment requires that the Deprivation of my liberty be narrowly tailored to serve a compelling government interest. While respondents would have an interest in detaining me in order to effectuate removal, that interest does not justify my indefinite detention, when I am not significantly likely to be removed in the reasonably foreseeable future. Zadvydas recognized that ICE may continue to detain aliens only for period reasonably necessary to secure the alien's removal. The presumptive reasonable period during which ICE may detain an alien is only six-months. I have already been detained in excess of six

months and my removal is not significantly likely to occur in the reasonably foreseeable future. Especially given the current situation between the United States and the Palestinian authorities.

## COUNT THREE

## SUBSTANTIVE DUE PROCESS VIOLATION

25. I re-allege and incorporate by reference paragraphs 1 through 25 above.

26. Under the Due Process clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. In this case I have been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of respondents to provide a neutral decision-maker to review my continued detention, violates my right to procedural due process. Further, Respondents have to acknowledge or act upon the my administrative request for release in a timely manner. There is no administrative mechanism in place for me to demand a decision, ensure that the decision will ever be made, or appeal a custody decision that violates <u>Zadvydas.</u>

## PRAYER FOR RELIEF

WHEREFORE, I pray that this Court grant the Following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of Habeas Corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter Preliminary and Permanent injunction relief enjoining Respondents from further unlawful detention of Petitioner.

4) Award Petitioner's fees and cost under the equal access to justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other relief that this court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

Petitioner

MAHMOUD NAIL SHAWAKHI
A#:.095-189-135
Houston Processing Center
15850 Export Plaza Drive
Houston, TX 77032

Date executed

12/20-2017

Shaulakhi, Mahmoud
A-95189135
15850 Export Plaza Drive
Houston, TX US 77032

Iqbal

United States District Court
Southern District of Texas
Post Office Box 61010
Houston, Texas 77208

United States Courts
Southern District of Texas
FILED
DEC 22 2017
David J. Bradley, Clerk of Court